IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EDWARD GUSICK, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CAUSE NO. _____ |
| | § | |
| ARENA OFFSHORE, LP, M/S EMELIE ROSE, AND C&G BOATS, INC., | § | **ADMIRALTY DOCKET 9(h)** |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Edward Gusick complains of Defendants Arena Offshore, LP, M/S EMELIE ROSE, and C&G Boats, Inc., and would respectfully show unto the Court as follows:

**I.
JURISDICTION & VENUE**

1.  This action is within the admiralty and maritime jurisdiction of this Court within the meaning of the Federal Rules of Civil Procedure 9(h) and the general maritime law pursuant to 28 U.S.C. § 1333.

2.  Plaintiff's claims against Defendants are maintained under the general maritime law pursuant to 28 U.S.C. § 1333.

3.  Venue is proper as Defendant C&G Boats, Inc., resides within the district.

4.  This is a complaint for damages arising from personal injury.

5.  Plaintiff designates this matter as an admiralty claim pursuant to Supplemental Rule 9(h) with the Court sitting as an Admiralty Court.

## II.
## PARTIES

6. Plaintiff is a resident of Texas.

7. Defendant Arena Offshore, LP, is a Delaware limited partnership doing continuous and substantial business within the State and District and which has purposefully availed itself of the privileges of doing business within the State and District. Defendant Arena Offshore, LP, may be served by and through its registered agent for service of process, C T Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

8. Defendant M/S EMELIE ROSE is a vessel that is within the District or will be during the pendency of this lawsuit. Plaintiff requests that service of process on Defendant M/S EMELIE ROSE be held in abeyance pursuant to Supplemental Federal Rule for Certain Admiralty & Maritime Claims E(3)(c).

9. Defendant C&G Boats, Inc., is a Louisiana corporation doing continuous and substantial business within the State and District and which has purposefully availed itself of the privileges of doing business within the State and District. Defendant C&G Boats, Inc., may be served by and through its registered agent for service of process, Magnus J. Arceneaux, III, at 117 Branton Dr., Lafayette, Louisiana 70508.

## III.
## NATURE OF THIS ACTION

10. On or about September 15, 2021, Plaintiff was employed by Wood Group.

11. At that time, Plaintiff was to be transported out to Defendant Arena's offshore rig, Galveston 209, off the coast of Galveston, Texas, for a crew change.

12. In inclement weather, Defendant Arena decided to move forward with the crew change and decided to use a vessel to transport the crew, including Plaintiff.

13. Defendant C&G Boats were responsible for the transport of the crew, including Plaintiff, aboard the M/S EMELIE ROSE.

14. Defendant C&G Boats owned, operated, and manned the M/S EMELIE ROSE at all times material hereto.

15. Once the M/S EMELIE ROSE was in position alongside the rig, Defendant Arena's crane was lowered to transfer the crew via basket transfer.

16. The basket was allowed to swing freely and strike the M/S EMELIE ROSE causing Plaintiff to be thrown overboard in the Gulf.

17. As a result, Plaintiff suffered severe and lasting physical injuries.

18. At all times material hereto, all of the crew aboard the M/S EMELIE ROSE were operating within the course and scope of their employment with Defendant C&G Boats.

19. As such, as their employer, Defendant C&G Boats is vicariously liable for any negligent acts and omissions on the part of the crew of the M/S EMELIE ROSE under the doctrine of *respondeat superior*.

20. Should any negligent acts and/or omissions on the party of employee(s), agent(s), and/or representative(s) of any Defendant be found to be a proximate cause of Plaintiff's injuries, Defendants should be held liable such actions on the part of the employee(s), agent(s) and/or representative(s) under the doctrine of *respondeat superior*.

## IV.
## CAUSES OF ACTION

*A.   Negligence and Gross Negligence*

21. Defendant Arena Offshore is liable to Plaintiff under the theory of negligence and gross negligence. Plaintiff sustained injuries because of Defendant Arena Offshore when Defendant Arena Offshore:

- failed to properly supervise its crew and the work aboard the vessel and rig;
- failed to provide adequate crew;
- failed to properly train their crew;
- failed to provide a safe work environment;
- failed to ensure that weather conditions would permit a safe crew change;
- failed to safely operate its rig and its appurtenances, including the crane;
- failed to promptly provide Plaintiff with adequate medical treatment;
- failed to provide necessary equipment for the safe performance of work;
- failed to provide reasonably safe work conditions;
- failed to take reasonable precautions for Plaintiff's safety;
- operated the vessel with a dangerous condition; and
- other acts so deemed negligent or grossly negligent.

22.     Defendant C&G Boats is liable to Plaintiff under the theory of negligence and gross negligence. Plaintiff sustained injuries because of Defendant C&G Boats when Defendant C&G Boats:

- failed to properly supervise its crew and the work aboard the vessel;
- failed to provide adequate crew;
- failed to properly train their crew;
- failed to ensure that weather conditions would permit a safe crew change;
- failed to provide reasonably safe work conditions;
- failed to take reasonable precautions for Plaintiff's safety;
- operated the vessel with a dangerous condition; and
- other acts so deemed negligent or grossly negligent.

23. On the dates in question, the M/S EMELIE ROSE, her crew, and her appurtenances were unseaworthy.

## V.
## DAMAGES

24. As a direct and proximate result of the negligence and gross negligence of Defendants, Plaintiff sustained injuries, which resulted in, and proximately caused, physical pain, mental anguish, and other medical problems. Plaintiff will show that he has also sustained pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life, and that in all reasonably probability, such pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life will continue indefinitely as a proximate result of Defendants' negligence. Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and, within reasonable medical probability, will incur in the future pharmaceutical and/or medical expenses in connection with his injuries. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

25. Defendants' conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants' conduct demonstrates not only an attitude of conscious indifference to the rights, safety, and welfare of others, but also shows Defendants' actual and subjective awareness of the dangers of their conduct. Defendant proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. Defendant is therefore liable for exemplary damages.

26. Plaintiff is entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent and reckless. Defendants' conduct was willful, wanton,

arbitrary, and capricious, Defendants acted with flagrant and malicious disregard for Plaintiff's health and safety. Defendants were subjectively aware of the of the extreme risk posed by operating the M/S EMELIE ROSE in an unseaworthy condition. This recklessness caused Plaintiff's injuries. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risks involved and consciously disregarded such risks. Moreover, Plaintiff may recover punitive damages under the general maritime law because of the vessel's unseaworthiness following the United States Supreme Court's ruling in *Atlantic Sounding*. All of the conduct mentioned in the above paragraphs was within the knowledge and privity of Defendants.

  WHEREFORE, Plaintiff prays that this citation for Defendants issue and be served upon the parties in a form and manner prescribed by law, requiring that the parties appear and answer, and that upon final hearing, Plaintiff have judgment against the parties in a total sum in excess of the minimum jurisdictional limits of this Court. Plaintiff also seeks interest on all sums found to be owing from the date said interest accrues by law, all costs of these proceedings, and all such other and further relief, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**PIERCE SKRABANEK, PLLC**

*/s/ M. Paul Skrabanek*

_____

M. Paul Skrabanek
Bar Roll No. 34980
Michael E. Pierce (*to be admitted pro hac vice*)
Texas Bar No. 24039117
Kyle W. Chapel (*to be admitted pro hac vice*)
Texas Bar No. 24116188
3701 Kirby Drive, Suite 760
Houston, TX 77098
Telephone: 832-690-7000
Facsimile: 832-616-5576
E-mail: paul@pstriallaw.com
michael@pstriallaw.com
kyle@pstriallaw.com
service@pstriallaw.com
**ATTORNEYS FOR PLAINTIFF**